Breitel, J.
(dissenting). The issue is whether an insured under hospital and medical benefits insurance policies who failed to tender premium payments in time has forfeited his rights by reason of a termination clause in the policies, even though the policies and the documents expressly incorporated by reference failed to specify the dates when premium payments were due. The question arises in an action brought by the insured, a lawyer, to be reimbursed for hospital and certain medical expenses incurred during his wife’s terminal illness. The trial court, after trial without a jury, determined the action in favor of plaintiff insured. The Appellate Division, in a memorandum decision, reversed and directed judgment in favor of defendant insurers.
Plaintiff is entitled to recover because under both statute and principles of the law of contract the termination clause was not effective so long as the policies — the contract papers — did not specify the dates when premium payments were due. On this view it is immaterial whether the insured received notices of the premiums due, which he denies and insurers assert, or whether he knew when premiums were due, which he denies and insurers assert. The trial court, indeed, found that insured had not received notice of the premium due.
Plaintiff insured has been a subscriber to hospital and medical insurance with defendant insurers since 1955. Payments were always made within the 30-day grace period provided by the *787 policies until 1963 when his wife was in the hospital or about to enter the hospital on account of her final illness. Since she was the one who had attended to the payment of premiums the lapse was due undoubtedly to the circumstance of her illness. After a default on one quarterly premium, and when the next quarterly premium was due, plaintiff insured tendered checks for the premiums. They were refused on the ground that the policies had been terminated automatically under the termination clause because there had been a default in the payment of the earlier premium beyond the grace period. In the meantime the claims upon which this action is based were incurred and their reimbursement refused.
The policies nowhere specified the dates when the premiums were due or their amounts. Instead the insurers rely on an identification card which was issued to the subscriber and which by express reference is part of the contract. The insurers also rely on the letter which accompanied the 1960 revision of the contracts and which stated only the amounts of hospital insurance premiums and the fractional periods for which they were optionally payable. It stated in addition that the medical insurance premiums (whatever they were) were unchanged, thus providing no integrated documentation upon which to base the total premiums due.
The 1960 letter also instructed the insured to change the ‘ ‘ effective ’ ’ date on his identification card. While the card states the old effective date, and presumably the 1960 letter is sufficient to direct a change in that date, there is no language anywhere to fix the dates (as opposed to fractional periods of a year) when premium payments are due, as distinguished from the date by month, day, and year when coverage becomes effective. Insurers argue that the effective date is the date from which to compute due dates of the first and ensuing premiums, but there is no language in the policies so providing.
The power to terminate the contract and work a forfeiture of rights under the contract is of course a power that may be conferred by the contract, but the power can only be enforced in accordance with its terms. The termination clause permits termination for nonpayment of premiums beyond the grace period. The grace period is found elsewhere in the policies and says merely that there is a 30-day period in which premiums must be paid. The notices of premiums due, assuming they *788 were sent, are not contractual terms; they only purport to he performance or requests for perfonnance of the contract, the terms of which are provided elsewhere.
The policies provided that the insurers reserved the power to change the times when premiums were due and the amounts thereof upon 30 days’ notice. There is no claim that such a 30-day notice other than the letter that accompanied the 1960 contracts is involved. Such a 30-day notice is not to be confused with notices of premium payments due. And as noted earlier, the 1960 letter refers only to “ effective date ” changes and the amounts of premiums for various payment periods, but does not give the month, day, and year when the first or later payments are due.
The case of Perry v. Bankers’ Life Ins. Co. (47 App. Div. 567, affd. 167 N. Y. 607) is precisely in point on the question of notice or provision when premium payments are due. There it was held that, despite an endorsement on the back of the policy specifying the four quarterly days and months when quarterly payments were due, the forfeiture clause would not be enforced because the dates when premiums were due were not specified anywhere in the policy papers and that, therefore, no premium dates were contractually binding on the insured. The court also struck down the forfeiture clause in that case on the ground that it was not included in the policy papers but only in the company by-laws; in that respect, the Appellate Division in this case correctly distinguished the holding. But even that holding emphasizes the need for the terms of the insurance contract to be expressed in the written papers, and particularly the papers constituting the integrated agreement. Notably, these policies by merger clauses provided that the contracts, except for express incorporation, constituted the entire contracts.
The insurer in the Perry case argued that the insured was aware when the premiums "were due as he had regularly paid them on or about the due dates. Further, it was established that each time the insured failed to make timely submission of his payments, the insurer sent him an overdue notice. The dissenting Justice in the Perry case referred to both of these factors in urging that a “ practical ” construction of the policy mandated a finding of forfeiture (47 App. Div., p. 580). The majority, however, held that “ those acts do not constitute any *789 parí; of llie terms of the policy for ihc purpose of authorizing a forfeiture ” (47 App. Div., p. 571).
Finally, the Insurance Law provides in subdivision 3 of section 253, expressly applicable to hospital aud medical insurance policies, that every policy must contain: “ (a) A statement of the amount payable to the corporation by the subscriber and the times at which and manner in which such amount is to be paid ”.
Defendants seek to make an argument of necessity based on the fact that they have millions of subscribers and are compelled to resort to computerized operations. These facts may create sympathy for their problems of providing and proving notice but hardly gainsay the simplicity of giving the subscriber in the policy or on his identification card the times by month and day when premium payments are due. The subscriber too has necessities which arise when he is the one 'who is ill or, as in this case, the one who attends to the payment of premiums is ill. Then one must look to the contract papers to find out when the premium is due, assuming that the notice of premium payment has not been received or, as is more likely, has been lost or mislaid. Nor is the argument valid that the “effective” date is sufficient to provide a baseline from which to compute ensuing premium due dates. There are too many occasions when effective dates vary from the initial premium date (in order to provide coverage for an earlier or later period) to lend any substance to this argument or to merit encouraging such abuse of the language to the misleading of the reader.
Accordingly, I dissent and vote to reverse and reinstate the judgment of the Supreme Court in favor of plaintiff-appellant.
Order affirmed, etc.